**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

CURTIS BERNARD HAMILTON,

       Petitioner,

v.

                                   Case No.  1:15-cv-217-MP-GRJ

JULIE L. JONES, Secretary,
Florida Department of Corrections,

       Respondent.

## RESPONDENT'S ANSWER IN RESPONSE TO ORDER TO SHOW CAUSE AND PETITION FOR WRIT OF HABEAS CORPUS

Respondent, JULIE L. JONES, Secretary of the Florida Department of Corrections, pursuant to Rule 5, Rules Governing Section 2254 Cases, responds to this Court's Order to Show Cause and shows cause as to why the Petition should not be granted.   Although Respondent addresses select procedural bars, **Respondent asserts all available procedural bars**.

## I. BACKGROUND

This case is a petition for writ of habeas corpus under Title 28, United States Code, Section 2254, by a person in custody of the Florida Department of Corrections, pursuant to a state court judgment.  (Doc. 12.)  Petitioner raises five claims for relief, which will be discussed below.

Petitioner was charged by Second Amended Information in count one with attempted second degree murder, in count two with robbery, and in count three with burglary of a dwelling with a battery. (Ex. A, p. 57).  On December 14, 2011, following a jury trial, Petitioner was found guilty as charged.  (Ex. A, p. 80-81, Ex. C, D and E).   Petitioner was sentenced on counts one and two to 15-years incarceration for each count and on count three to life incarceration as a habitual felony offender with all counts running concurrently and 236-days credit for time served. (Ex. A, pp. 82, 114-118; Ex. C, pp. 255-278).

Petitioner initiated a direct appeal, filing notice to the Florida First District Court of Appeal (First DCA). Fla.R.App.P. 9.110(b).  Through counsel, Petitioner filed an initial brief and the State filed an answer brief. (Ex. F and G).  The First DCA *per curiam* affirmed Petitioner's judgment and sentence with a written opinion on February 20, 2013. (Ex. H).  The mandate issued on March 8, 2013. (Ex. I); *Hamilton v. State*, 106 So.3d 996 (Fla. 1st DCA 20139).

On October 7, 2013, Petitioner filed a Motion for Post-Conviction Relief asking for further DNA testing pursuant to Rule 3.853 of the Florida Rules of Criminal Procedure.  (Ex. J, pp. 1-12).  On December 19, 2013, the post-conviction court denied the motion by written order with attachments.  (Ex. J, pp. 13-71). Petitioner appealed to the First DCA and filed an initial brief. (Ex. K).  The State filed notice of filing no answer brief. (Ex. L).  The First DCA *per curiam* affirmed

the post-conviction court's ruling without a written opinion on April 24, 2014. (Ex. M).   The mandate issued on July 11, 2014. (Ex. N); *Hamilton v. State*, 141 So.3d 184 (Fla. 1st DCA 2014)(table).

On January 13, 2014, Petitioner filed a *pro se* state post-conviction motion pursuant to Fla. R. Crim. P. 3.850. (Ex. Y, pp. 1-12).   On January 29, 2014, the post-conviction court ordered Petitioner to file an amended motion with a proper oath. (Ex. Y, pp. 11-12).   On February 12, 2014, Petitioner filed an amended motion for post-conviction relief. (Ex. Y, pp. 13-23).   On April 17, 2014, Petitioner filed a second amended motion for post-conviction relief. (Ex. Y, pp. 25-46).   On November 4, 2014, Petitioner filed a motion to supplement his motion for post-conviction relief adding additional grounds. (Ex. Y, pp. 47-58).   On February 27, 2015, Petitioner filed a third amended motion for post-conviction relief. (Ex. Y, pp. 71-128).

While Petitioner's rule 3.850 motion was pending in the circuit court, on April 10, 2015, Petitioner filed a *pro se* motion for disqualification of Judge Moseley who was presiding over Petitioner's post-conviction motions. (Ex. O, pp. 153-159).   On April 17, 2015, Judge Moseley denied Petitioner's motion. (Ex. O, pp. 160-161).

On May 12, 2015, Petitioner filed a petition for writ of prohibition and supplemental appendix in the First DCA to prohibit Judge Moseley from presiding

over any of his motions, which was assigned case number 1D15-2218.  (Ex. T and U).   The First DCA *per curiam* denied the petition on July 9, 2015.  (Ex. V).  Petitioner filed a motion for rehearing and rehearing en banc which was denied on August 24, 2015. (Ex. W and X); *Hamilton v. State*, 172 So.3d 872 (Fla. 1st DCA 2015)(table).

On August 4, 2015, Petitioner filed another petition for writ of prohibition to prohibit Judge Moseley from presiding over any of his motions in the First DCA, which was assigned case number 1D15-2219.  (Ex. P).   The First DCA *per curiam* denied the petition on September 11, 2015.  (Ex. Q).  Petitioner filed a motion for rehearing which was denied on October 26, 2015. (Ex. R and S); *Hamilton v. State*, 177 So.3d 253 (Fla. 1st DCA 2015)(table).

On February 8, 2016, the post-conviction court denied Petitioner's post-conviction motions by written opinion with attachments.  (Ex. Y, pp. 157-312).  Petitioner filed notice of appeal to the First DCA and filed an initial brief. (Ex. Z).  The State filed notice of filing no answer brief. (Ex. AA).  The First DCA *per curiam* affirmed the denial of his motion for post-conviction relief without a written opinion on June 3, 2016. (Ex. BB).  Petitioner moved for rehearing which was denied on July 14, 2016. (Ex. CC and DD). The mandate issued on August 1, 2016. (Ex. EE); *Hamilton v. State*, 2016 WL 3128653 (Fla. 1st DCA June 3, 2016).

Petitioner filed an Amended Petition for Writ of Habeas Corpus titled "Third Amended" on December 9, 2015.  (Doc. 10.)  Petitioner filed the instant second amended petition titled "Fourth Amended" on December 28, 2015. (Doc. 12).

## II. ARGUMENT

Habeas corpus is an extraordinary remedy reserved for defendants who were grievously wronged by the criminal proceedings.  *Calderon v. Coleman*, 525 U.S. 141, 146 (1998).  "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc).

The state court's factual findings are generally entitled to a presumption of correctness and may be ignored only if the petitioner shows by clear and convincing evidence that the state court's determination was not fairly supported by the record. *Johnson v. Alabama*, 256 F.3d 1156, 1169 (11th Cir. 2001) (reviewing a pre-AEPDA habeas petition) (citing *Griffin v. Wainwright*, 760 F.2d 1505, 1511 (11th Cir.1985) (quoting pre-AEDPA § 2254(d)). This presumption is equally applicable to state appellate court findings of fact. *Johnson v. Alabama*, 256 F.3d 1156, 1169 (11th Cir. 2001) (citing *Sumner v. Mata*, 449 U.S. 539, 549 (1981)).  These standards "reflect[] the 'presumption of finality and legality' that attaches to a conviction at the conclusion of direct review . . ." *Calderon*, 525 U.S. at 144-46.  Because the habeas petition was filed after the 1996 effective date of

the AEDPA, Petitioner must also meet the strict standards of that statute. *See Williams v. Taylor*, 529 U.S. 420, 429 (2000); *Lindh v. Murphy*, 521 U.S. at 336-37. The Eleventh Circuit has summarized:

> [P]ursuant to 28 U.S.C. § 2254(d), a petition for a writ of habeas corpus can only be issued if the state court's ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also Williams v. Taylor*, 120 S. Ct. 1495, 1518 (2000), *cert. denied*, 22 S. Ct. 1367 (2002).

*Van Poyck v. Fla. Dep't of Corrections*, 290 F.3d 1318, 1321 (11th Cir. 2002).

AEDPA's Section 2254(d) provides a highly deferential standard for evaluating state-court rulings:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear

and convincing evidence.

28 U.S.C. § 2254; *see also Williams*, 529 U.S. at 399 (2000) (AEDPA "placed a new restriction on the power of federal courts to grant writs of habeas corpus to state prisoners.").

This same standard of deference applies when there is no statement of why the state court ruled as it did.  The Supreme Court has explained: "Where a state court's decision is unaccompanied by any explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.  This is so whether or not the state court reveals which of the elements in a mutlipart claim it found insufficient, for § 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).  Furthermore, when a state court is properly presented with a federal claim and the state court is silent as to its reasons for denying a claim, a federal court may presume that the decision was one that was on the merits.  *See id.*  "When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits," and the burden shifts to a petitioner to demonstrate otherwise.  *See Johnson v. Williams*, 133 S. Ct. 1088, 1095 (2013).

The Supreme Court has also explained the procedure by which a habeas court must consider before granting a petitioner's claims, requiring the habeas

court to consider all possible rationales for the state court's denial of relief and then explain why each is an unreasonable application of federal law as interpreted by the Supreme Court:

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the United States Supreme Court.]

*Richter*, 131 S. Ct. at 786. The Supreme Court has explained that a petitioner's ability to obtain habeas relief was designed to be extremely difficult and requires a showing that no fairminded jurist would have found the way the state court did:

> It bears repeating that *even a strong case for relief does not mean the state court's contrary conclusion was unreasonable*. . . . If this standard is difficult to meet, *that is because it was meant to be*. As amended by the AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation fo claims already rejected in state proceedings . . . It preserves authority to issue the writ in cases where there is *no possibility fairminded jurists could disagree that the state court's decision conflicts with [United States Supreme Court] precedents. It goes no farther*. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunction in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement*.

*Id.* at 786 (italics added).

The Petition does not demonstrate that Petitioner has been grievously wronged, that this is one of the "few and far between" cases where a petitioner is entitled to prevail, and Petitioner has not facially overcome the "presumption of finality and legality" of his state court conviction and sentence.   Although Respondent addresses the merits, **Respondent asserts all available procedural bars**.

### 1.  *Petitioner's First Claim is Without Merit.*

In his first claim, Petitioner contends:

> 14 Amendment – Nor shall any state deprive any person of life, liberty, or property without due process of law.  Defendant was not rearraigned on second amended charges nor rearrested.

(Doc. 12, p. 7).

Petitioner raised this issue in his Petition for Writ of Habeas Corpus filed in the state courts[1].  (Ex. Y, pp. 139-154).  The trial court denied the petition stating:

> As to the petition for writ of habeas corpus filed on September 17, 2015, the claim raised is procedurally barred. "Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack." *Johnson v. State*, 593 So.2d 206, 208 (Fla. 1992). Motions filed under rule 3.850 "cannot be utilized for a second appeal." *Jones v. State*, 446 So.2d 1059, 1061-62 (Fla. 1984).

---

[1]    Petitioner states that he raised this claim in the United States District Court under the instant case number. (Doc. 12, p. 7)

(Ex. Y, pp. 159-160).  Petitioner appealed. (Ex. Y, p. 335).   The First DCA per curiam affirmed the trial court's ruling without a written opinion. (Ex. BB).

Here, the State amended the Information twice.  (Ex. A, pp. 35-36, 57-58). Petitioner proceeded to trial on the Second Amended Information without objection.  If a defendant goes to trial without objecting, he waives his right to object to a failure to arraign or to an irregularity in the arraignment. Fla.R.Crim.P. 3.160(b); *Lackos v. State*, 339 So.2d 217 (Fla. 1976).   Thus, even if Petitioner could raise this issue through a petition for writ of habeas corpus in the trial court it would have been denied.

The decision of the First District Court of Appeal is entitled to deference under AEDPA. Petitioner has failed to offer any basis to conclude that the District Court's conclusion was based on an unreasonable determination of United States Supreme Court precedent or an unreasonable determination of the facts established at the state court proceedings. See 28 U.S.C. § 2254. Therefore, this claim is not a basis of relief.

### 2.  Petitioner's Second Claim is Unexhausted and Procedurally Barred and is Otherwise Without Merit.

In his second claim, Petitioner contends:

> 4th Amendment – No warrants shall issue but upon probable cause supported by oath or affirmation and particularity describing the place.  Their (sic) was not a warrant shown to defendant and there was nothing describing the place to be

search.

(Doc. 12, p. 11).   This issue is raised for the first time by Petitioner and thus is unexhausted and now procedurally barred although Petitioner states that he has raised this in the instant case thereby properly presenting the claim.

## Exhaustion and Procedural Default

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law. Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)
>     (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Exhaustion of state remedies requires that the state prisoner "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (*citing Picard v. Conner*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)).   The petitioner must apprise the state court of the federal constitutional issue, not just

the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998).  In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish cause for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish prejudice, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 479–80 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). In addition, "[t]o be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (*quoting Schlup*, 513 U.S. at 324).

Here, Petitioner cannot establish cause and prejudice.  First, Petitioner has not alleged any objective factor external to the defense that impeded his effort to raise the claim properly in state court.  In response, Petitioner will certainly claim that his counsel was ineffective for failing to bring this claim and cite to *Martinez v. Ryan*, - U.S.-, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) to support his argument that the procedural default should be excused.  However, Petitioner has not raised an ineffective assistance of counsel claim arguing that counsel failed to move to suppress the evidence based on the officer's failure to serve the warrant on him.  In

addition, the issue, as couched by Petitioner, i.e. failure of the officers to serve the warrant on a defendant and failure of the warrant to describe the "place" to be searched, is a matter that should be raised in a motion to suppress and appealed in direct review. *Martinez* does not concern errors in direct review. *Martinez*, 132 S.Ct. at 1320 (Martinez "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings.")  Thus, *Martinez* does not provide Petitioner with cause to excuse his procedural default.

Even if *Martinez* applied in this situation and established cause for Petitioner default, he cannot demonstrate prejudice.  During trial, Detective Matthew Goeckel testified to the following:

> Q:  And were you present when Detective Nordberg conducted interviews?
>
> A:  Yes, I was.
>
> Q.  After these interviews were conducted, did you develop what you believed to be probable cause to obtain a search warrant for the person of Curtis Hamilton?
>
> A:  Yes, I did.
>
> Q:  Did you then execute an affidavit in support of a search warrant?
>
> A:  Yes, I did.
>
> Q:  And did you then meet with a Magistrate or Judge and present that affidavit?
>
> A:  Yes.

Q:  And did you receive a search warrant for the person of Curtis Hamilton?

A:  Yes, I did.

Q:  Did you subsequently read and execute the warrant upon his person with the help of Marc Woodmansee[2]?

A:  Yes, I did.

(Ex. E, p. 201).   Thus, the State established that the warrant was read and executed upon Petitioner.  Finally, a search warrant may be issued "to search…the person named, for the property specified." § 933.07(1), Fla. Stat.  Thus, in the instant case, because the search warrant was for the person of Petitioner, the warrant need not describe a "place" to be searched.  Petitioner also cannot claim actual innocence as he has no "new" evidence to support such claim. Accordingly, this issue is due to be denied.

### 3.  Petitioner's Third Claim is Unexhausted, is a Matter of State Law, and Otherwise Without Merit.

In his third claim, Petitioner contends:

6th Amendment – In all prosecutions, the accused shall enjoy the right to a speedy trial and public trial.

(Doc. 12, p. 13).  Petitioner stated the following facts in support of his claim:

---

[2]      Marc Woodmansee was an investigator with the Gainesville Police Department at the time.

> Defendant filed Notice of Expiration of Speedy Trial –Denied -
> Motion for Discharge - Denied - Motion for Disqualification of
> Judge - Denied – Petition for Writ of Prohibition.   All was
> denied of lower court and District Court of Appeal.

(Doc. 12, p. 13).    Petitioner's federal constitutional claim of speedy trial is

unexhausted and now procedurally defaulted.   Petitioner raised the claim under

state law and thus, is a matter of state law and not cognizable in federal habeas

corpus relief.  And finally, this claim is without merit.

To begin, Petitioner's motion for disqualification of a judge and his writs of

prohibition attempting to prohibit the judge from presiding have nothing to do with

his rights to a speedy trial.   And therefore, will not be discussed further.

Prior to trial, Petitioner filed a *pro se* demand for speedy trial pursuant to

Florida Rule of Criminal Procedure 3.191. (Ex. A, p. 12-13).  The trial court struck

the motion as unauthorized because Petitioner was represented by counsel at the

time he filed the demand. (Ex. A, p. 14-15).   Approximately four years <u>after</u>

Petitioner's trial, Petitioner filed a *pro se* Notice of Expiration of Speedy Trial

pursuant to Florida Rule of Criminal Procedure 3.020 and 3.191. (Ex. O, pp. 71-

74).  Petitioner also filed *pro se* Motion for Discharge Speedy Trial pursuant to

Florida Rule of Criminal Procedure 3.020 and 3.191. (Ex. O, p. 76-79) The post-

conviction court struck the notice and motion as moot. (Ex. O, p 75, 80).

As Petitioner as cited to his motions filed in the state courts which rely on state law this claim is not cognizable in federal habeas relief.   "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990)); *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) (quoting Lewis, other citation omitted).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*., at 67–68, 112 S.Ct. at 480 (citations and footnote omitted).

Furthermore, Petitioner's stand alone claim that he was denied his right to a speedy trial is unexhausted and now procedurally defaulted.  The State reasserts the exhaustion and procedural default from issue two above.  Petitioner cannot establish cause and prejudice for the default nor has he provided new evidence of his actual innocence.

Regardless, it was proper to strike the demand for speedy trial as *pro se* pleadings from defendants who are represented by counsel in the pending criminal proceedings are unauthorized.  *See Logan v. State*, 846 So.2d 472 (Fla. 2003). Furthermore, it was proper to strike notice of expiration of speedy trial and motion for discharge as moot because Petitioner's trial had already taken place.   In

17

addition, Petitioner would not have been entitled to discharge as Petitioner's trial occurred within recapture period allowed under rule 3 .191 (p). Petitioner was arrested on June 4, 2011. (Ex. A, p. 1).   The speedy trial period expired on November 26, 2011, which was a Saturday. Had counsel filed a notice of expiration of speedy trial on Monday, November 28, 2011, the State would have had until December 13, 2011 to take Defendant to trial. The record reflects that Defendant's trial began on December 12, 2011, when his jury was selected. (Ex. C, p. 149).   As such, this issue is due to be denied.

### 4. Petitioner's Fourth Claim is Without Merit.

In his fourth claim, Petitioner contends:

> 6th Amendment – To be confronted with the witness against him.

(Doc. 12, p. 15).  Petitioner stated the following facts in support of his claim:

> I was not at Milton Rush deposition to cross-examine his fabricated testimony.  This was before trial counsel told me that he would be changing his testimony.  Then I told he that would trying.

(Doc. 12, p. 15).  This issue is without merit.

Petitioner raised this claim as a matter of ineffective assistance of counsel in ground 11 of his post-conviction motion.   (Ex. Y, pp. 102-103).   The post-conviction court denied the claim stating:

> As to Ground 11, Defendant alleges that trial counsel was ineffective for denying Defendant to the right to attend the

18

> deposition of Milton Rush. "[T]he defendant is not entitled to be present during a discovery deposition pursuant to rule 3.220(h)." *Blanton v. State*, 978 So.2d 149, 155 (Fla. 2008); *see also State v. Lopez*, 974 So.2d 340, 347 (Fla. 2008) (same). For this reason, Defendant fails to show either error by counsel or prejudice. Accordingly, the claim raised is without merit.

(Ex. Y, pp. 168). The First DCA per curiam affirmed the trial court's ruling without a written opinion. (Ex. BB).

Petitioner's stand alone claim that he was denied the right to confront the witness at deposition is unexhausted and now procedurally defaulted. The State reasserts the exhaustion and procedural default from issue two above. Petitioner cannot establish cause and prejudice for the default nor has he provided new evidence of his actual innocence.

Regardless, the post-conviction court is correct, Florida Rule of Criminal Procedure 3.220(h)(7) states that "a defendant shall not be physically present at a deposition except on stipulation of the parties or as provided by this rule." Subdivision (h)(7) goes on to say that the court may order the physical presence of the defendant on a showing of good cause. Thus, Petitioner is not entitled to be present for the deposition. Furthermore, Petitioner was present for his trial when Milton Rush testified and counsel cross-examine Mr. Rush without limitation. (Ex. D, p. 4, 47-60). As such, Petitioner's right to confrontation was not violated. This issue is due to be denied.

### 5. *Petitioner's Fifth Claim is Without Merit.*

In his fifth claim, Petitioner contends:

> 5th Amendment – Nor be deprived of life, liberty, or property
> without due process of law = The charging of a [illegible] crime.
> Count 3. Burglary of a Structure with a Assault.

(Doc. 12, p. 16).  Petitioner stated the following facts in support of his claim:

> Prosecution told the jury that they could find me guilty of
> Burglary of a Structure.  More or less given the jury his opinion
> which he new (sic) was error but did it any way.  If he did not
> know he should have known.  Its (sic) his job to find the truth of
> the matter.

(Doc. 12, p. 16). This issue is without merit.

It appears that Petitioner is attacking his conviction for burglary of a

dwelling with battery.  Petitioner raised this claim in issue two of his direct appeal

and claims three of his post-conviction motion.  (Ex. F, pp. 21-22; Ex. Y, pp. 76-

79).  The First DCA stated the following when affirming Petitioner's judgment and

sentence on direct appeal:

> Appellant argues that he was improperly tried and convicted
> of burglary of a dwelling with battery when the State charged
> him with burglary of a structure with battery. Although, as the
> State concedes, the caption of the charging document alleged
> burglary of a dwelling with battery while the body of the
> document alleged burglary of a structure with battery, burglary,
> which is defined in part as "[e]ntering a dwelling, a structure, or
> a conveyance with the intent to commit an offense therein," is a
> first-degree felony when an offender makes an assault or battery
> upon any person in the course of committing the burglary. See §
> 810.02(2)(a), Fla. Stat. (2010). The charging document cited to
> this statute as did Appellant's judgment. Thus, regardless of

whether the victim's tent was alleged to have been a structure or a dwelling, Appellant was charged and convicted of the first-degree felony of burglary with a battery. As we have explained, a defect in an information is waived if no objection is timely made so long as the information does not wholly fail to state a crime. *See State v. Burnette*, 881 So.2d 693, 694 (Fla. 1st DCA 2004). Finding no fundamental deficiency in the charging document and no merit in Appellant's other arguments, we AFFIRM.

*Hamilton v. State*, 106 So.3d 996 (Fla. 1st DCA 2013).

The First DCA is correct. When an offender commits an assault or battery upon a person when committing a burglary, the burglary statute does not differentiate between dwelling, structure, or conveyance. *See* § 810.02(2)(a), Florida Statutes (2010). A "structure" means a building of any kind, either temporary or permanent, which has a roof over it. § 810.011(1), Fla. Stat. (2010). A "dwelling" means a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night. § 810.011(2), Fla. Stat. (2010). Clearly, a tent used by a homeless person on a daily basis for shelter and lodging fits within the definition of either a structure or a dwelling.

The decision of the First District Court of Appeal is entitled to deference under AEDPA. Petitioner has failed to offer any basis to conclude that the District Court's conclusion was based on an unreasonable determination of United States Supreme Court precedent or an unreasonable determination of the facts established

at the state court proceedings. See 28 U.S.C. § 2254. Therefore, this claim is not a basis of relief.

### III. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus should be denied.

Dated: August 9, 2016    Respectfully submitted,
            PAMELA JO BONDI
            ATTORNEY GENERAL

             /s/ Donna A. Gerace
            DONNA A. GERACE
            Assistant Attorney General
            Florida Bar No. 0494518
            OFFICE OF THE ATTORNEY GENERAL
            PL-01, The Capitol
            Tallahassee, FL 32399-1050
            (850) 414-3300
            (850) 922-6674 (fax)
            crimapptlh@myfloridalegal.com
            donna.gerace@myfloridalegal.com
            [AGO# L15-1-15562]

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this August 9, 2016, I electronically filed the foregoing <u>Respondent's Answer In Response To Order To Show Cause And Petition For Writ Of Habeas Corpus</u> with the Clerk of Court by using the CM/ECF system.  On August 10, 2016, I will serve the following non-CM/ECF recipient by U.S. Mail: Curtis Bernard Hamilton, DC# 075168, Holmes Correctional Institution, 3142 Thomas Drive, Bonifay, Florida 32425-0190.

    /s/ Donna A. Gerace
Donna A. Gerace
Attorney for the State of Florida