IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CURTIS BERNARD
HAMILTON,

    Petitioner,

v.                                CASE NO. 1:15-cv-217-MW-GRJ

SEC'Y, DEP'T
OF CORR.,

    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

This case is before the Court on the Fourth Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 12. Respondent has filed a response and appendix with relevant portions of the state-court record. ECF No. 22. Petitioner did not file a reply. The Petition is therefore ripe for review. Upon due consideration of the Petition, response, and state-court record, the undersigned recommends that the Petition be denied.[1]

---

[1] The Court has determined that an evidentiary hearing is not warranted because the Court may resolve the Petition on the basis of the record. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

1

## I. State-Court Proceedings

Petitioner was charged by Second Amended Information with attempted second-degree murder (Count One); robbery (Count Two); and burglary of a dwelling with a battery (Count Three). ECF No. 22-1 at 107. A jury found Petitioner guilty on all three counts following a jury trial on December 14, 2011. *Id.* at 130-32. The trial court sentenced Petitioner to fifteen years' imprisonment as to Count One, a concurrent fifteen-year term for Count Two, and concurrent life sentence as a habitual felony offender for Count Three. *Id.* at 163-168.

The Florida First District Court of Appeal (First DCA) *per curiam* affirmed Petitioner's judgment and sentence on February 20, 2013. *Hamilton v. State*, 106 So. 3d 996 (Fla. 1st DCA 2013); ECF No. 22-3 at 149-50. Thereafter, Petitioner filed a Motion for Post-Conviction Relief seeking further DNA testing pursuant to Rule 3.853 of the Florida Rules of Criminal Procedure. ECF No. 22-3 at 119-30. The post-conviction court denied the motion by written order with attachments, and the First DCA *per curiam* affirmed the lower court's ruling without written order. *Id.* at 131; 207-209.

Petitioner then filed a *pro se* state post-conviction motion pursuant to Rule 3.850, which he amended three times, as well as a *pro se* "Petition for Writ of Habeas Corpus." *Id.* at 212-278; ECF No. 22-4 at 253-259. The post-conviction court denied Petitioner's post-conviction motions by written opinion with attachments. ECF No. 22-4 at 271-284. Petitioner appealed, and the First DCA *per curiam* affirmed the denial of his motion for post-conviction relief without a written opinion. ECF No. 22-5 at 258. Petitioner moved for rehearing, but the First DCA denied Petitioner's motion. *Id.* at 260-66. Petitioner then initiated the instant § 2254 petition on December 28, 2015. ECF No. 1. His Fourth Amended Petition, the operative pleading in this case, asserts five grounds for habeas relief. ECF No. 12.

## II.     Section 2254 Exhaustion Requirement

Any § 2254 petition filed after April 24, 1996, is subject to the mandates of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of

3

the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id.* at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found

petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### III.   Section 2254 Standard of Review

For claims that are properly exhausted, the AEDPA imposes further limitations on the scope of this Court's review. Under § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable

5

application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 571 U.S. at 18 (standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id*. at 19. This highly deferential standard carries special force in habeas cases asserting ineffective assistance of counsel claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*[2]—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35 (1976)).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas

---

[2] *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Id*. at 19-20 (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. at 20 (quoting *Harrington*, 562 U.S. at 102). "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id*. (quoting *Harrington*, 562 U.S. at 102).

## IV. Discussion
### Ground One

In his first ground for relief, Petitioner asserts he was not re-arraigned or re-arrested on the charges in the Second Amended Information in violation of his Fourteenth Amendment due process rights.

Petitioner asserted this claim in one of his state petitions for writ of habeas corpus. *See* ECF No. 22-4 at 253-259. The state habeas court found that the claim was procedurally barred because Petitioner could have but failed to raise the claim at trial or on direct appeal. *Id.* at 273-74, citing *Johnson v. State*, 593 So. 2d 206, 208 (Fla. 1992) ("Issues which either

were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack").

Respondent correctly argues that this claim is procedurally defaulted from federal habeas review. Petitioner's claim was presented to the state court and rejected on the independent and adequate state ground of procedural bar or default. Federal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993), citing *Coleman v. Thompson*, 501 U.S. 722, 734-35 & n.1 (1991); *see Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."). Procedural default is a rule which is firmly established and regularly followed by the state court. The Florida Supreme Court has consistently recognized that "issues that could have been, but were not, raised on direct appeal are not cognizable through collateral attack." *Harvey v. Dugger*, 656 So. 2d 1253, 1256 (Fla. 1995); *Johnson*, 593 So. 2d 206. The procedural bar imposed by the state court is entitled to deference. Accordingly, Petitioner's Ground One is due to be denied.

**Ground Two**

In his second ground for relief, Petitioner asserts a violation of his Fourth Amendment right to be free from unreasonable searches and seizures because there "was not a warrant shown to defendant and there was nothing describing the place to be search[ed]." ECF No. 12 at 11. Respondent correctly argues that Ground Two is unexhausted and procedurally barred because Petitioner failed to present this claim to the state court for review.

This Court is precluded from considering this claim because Petitioner has failed to exhaust state remedies and the state court would now find the claim procedurally defaulted. *See* Fla. R. Crim. P. 3.850(h)(2) ("[A] court may dismiss a second or successive motion if the court finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the defendant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure. . . . "); *Bailey,* 172 F.3d at 1305 ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile.") Moreover, Petitioner does not

assert or establish cause for or actual prejudice resulting from the default, nor has he demonstrated a fundamental miscarriage of justice.

Petitioner asserts he exhausted this claim by presenting it in the federal petition now before the Court. However, to properly exhaust, Petitioner was required to first present the claim to the appropriate state court before presenting the claim in federal court. Accordingly, Petitioner's Ground Two is unexhausted and procedurally barred.

### Ground Three

In his third ground for relief, Petitioner asserts the violation of his Sixth Amendment right to a speedy trial. In support of this claim, he alleges as follows: "Defendant filed a Notice of Expiration of Speedy Trial—Denied—Motion for Discharge—Denied—Motion for Disqualification of Judge—Denied Petition for Writ Prohibition. All was denied of lower court and District Court of Appeal." ECF No. 12 at 13.

The record reflects that Petitioner filed a *pro se* demand for speedy trial under Florida Rule of Criminal Procedure 3.191, but the trial court struck the pleading because Petitioner was represented by counsel, and under Florida law a party may not be simultaneously represented by counsel and file *pro se* pleadings or petitions in the same case. ECF No. 22-1 at 64. In January of 2015, four years *after* Petitioner's trial, Petitioner

filed a *pro se* Notice of Expiration of Speedy Trial and a *pro se* Motion for Discharge Speedy Trial pursuant to Florida Rule of Criminal Procedure 3.020 and 3.191. The trial court struck the motions as moot, citing the First DCA's opinion affirming Petitioner's conviction and sentence. ECF No. 22-5 at 229.

Respondent argues that Petitioner's federal constitutional claim of speedy trial violation is unexhausted and now procedurally barred because he challenged only state-law speedy trial violations under the Florida Rules of Criminal Procedure at the state level. To the extent Petitioner seeks federal habeas review of his speedy trial claim pursuant to Fla. R. Crim. P. 3.191, it is not cognizable on federal habeas review because it involves only state procedural rules and not errors of federal constitutional dimension. *See Castillo v. Florida*, 630 F. App'x 1001, 1006 (2015), citing *Davis v. Wainwright*, 547 F.2d 261, 264 (5th Cir. 1977). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). An alleged error of state law or rule of procedure provides no basis for federal habeas relief.

Petitioner did not present a federal constitutional claim in the state court. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. Amend.

11

VI. To determine whether the government has violated the right to a speedy trial under the Sixth Amendment, a district court considers four factors: (1) "length of delay"; (2) "the reason for the delay"; (3) "the defendant's assertion of his right"; and (4) "prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The right to speedy trial provided in Florida Rule of Civil Procedure 3.191 is not coextensive with the broader constitutional right to a speedy trial. *State v. Naveira*, 873 So. 2d 300, 308 (Fla. 2004). "Florida's speedy trial rule is a procedural protection and, except for the right to due process under the rule, does not reach constitutional dimension." *Id.*, quoting *State v. Bivona*, 496 So. 2d 130, 133 (Fla.1986). As opposed to the right provided in [Rule 3.191], "[t]he constitutional speedy trial period is measured by tests of reasonableness and prejudice, not specific numbers of days." *Fonte v. State*, 515 So. 2d 1036, 1038 n. 2 (Fla. 3d DCA 1987).

Therefore, to the extent Petitioner challenged his procedural speedy trial rights pursuant to Fla. R. Crim. P. 3.191 in the state court, that challenge did not exhaust his Sixth Amendment claim. Accordingly, Petitioner's constitutional speedy trial claim is unexhausted and procedurally barred, and Petitioner has not made the proper showing to overcome the procedural bar.

Moreover, Petitioner has not alleged any facts to support a federal constitutional claim cognizable under § 2254. For instance, Petitioner does not allege any facts to support a showing of prejudice, which is required to establish a violation of the Sixth Amendment Speedy Trial Clause. *See Reed v. Farley*, 512 U.S. 339, 353 (1994). Ground Three is unexhausted and meritless.

### **Ground Four**

In his fourth ground, Petitioner asserts he was denied his Sixth Amendment right to be confronted with the witnesses against him. ECF No. 12 at 15. In support of his claim, Petitioner asserts "I was not at Milton Rush deposition to cross-examine his fabricated testimony. This was before trial counsel told me that he would be changing his testimony. Then I told he that would trying." *Id.*

Petitioner asserted a similar claim couched as a claim of ineffective assistance of counsel in his post-conviction motion. In denying the ineffective assistance claim, the state habeas court held as follows:

> As to Ground 11, Defendant alleges that trial counsel was ineffective for denying Defendant the right to attend the deposition of Milton Rush. "[T]he defendant is not entitled to be present during a discovery deposition pursuant to rule 3.220(h)." *Blanton v. State*, 978 So. 2d 149, 155 (Fla. 2008); *see also State v. Lopez*, 974 So. 2d 340, 347 (Fla. 2008) (same). For this reason, Defendant fails to show either error by counsel or prejudice. Accordingly, the claim raised is without merit.

13

ECF No. 22-4 at 282. To the extent Petitioner seeks to challenge the state court's finding regarding his ineffective assistance claim in this federal petition, he makes no argument that counsel rendered ineffective assistance under the *Strickland* standard, which requires showing that counsel's representation was deficient and that Petitioner was prejudiced as a result.

To the extent Petitioner is asserting a standalone claim that he was denied his constitutional right to confront Mr. Rush, this claim is unexhausted and procedurally defaulted, and Petitioner has made no attempt to demonstrate cause and prejudice or a fundamental miscarriage of justice.

Moreover, notwithstanding the issue of exhaustion, Petitioner's Confrontation Clause claim is without merit. When the government proposes to introduce a deposition at trial in lieu of live testimony, a defendant has the right to be present during the deposition so that he may confront the deponent. *See United States v. McKeeve*, 131 F.3d 1, 8 (1st Cir. 1997); *Christian v. Rhode*, 41 F.3d 461, 465 (9th Cir. 1994); *Don v. Nix*, 886 F.2d 203, 206 (8th Cir. 1989). In Petitioner's case, Mr. Rush's deposition was a discovery deposition and was not used in lieu of his live testimony. *See Blanton*, 978 So. 2d at 155 ("[A] discovery deposition is not

intended as an opportunity to perpetuate testimony for use at trial, is not admissible as substantive evidence at trial, and is only admissible for purposes of impeachment.").

Mr. Rush testified at Petitioner's trial, where Petitioner was present, and defense counsel cross-examined Mr. Rush. Accordingly, Petitioner was afforded the opportunity to confront Mr. Rush. Therefore, Petitioner's confrontation right was not violated. Ground Four is unexhausted, procedurally barred, and without merit.

**Ground Five**

In his final ground for relief, Petitioner asserts his Fifth Amendment due process rights were violated because the prosecution instructed the jury it could find Petitioner guilty of burglary of a structure. ECF No. 12 at 16. In support of this claim, Petitioner asserts that the prosecution was "more or less given the jury his opinion which he knew (sic) was error but did it anyway. If he did not know he should have known. It[']s his job to find the truth of the matter." *Id.*

The Court interprets Petitioner to allege that he was improperly convicted of burglary of a *dwelling* with battery because the state charged him with burglary of a *structure* with battery. Although Petitioner presented this claim to the state court on direct appeal the First DCA rejected this

15

claim and affirmed Petitioner's judgment and sentence. The First DCA panel wrote as follows:

> Appellant argues that he was improperly tried and convicted of burglary of a dwelling with battery when the State charged him with burglary of a structure with battery. Although, as the State concedes, the caption of the charging document alleged burglary of a dwelling with battery while the body of the document alleged burglary of a structure with battery, burglary, which is defined in part as "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein," is a first-degree felony when an offender makes an assault or battery upon any person in the course of committing the burglary. *See* § 810.02(2)(a), Fla. Stat. (2010). The charging document cited to this statute as did Appellant's judgment. Thus, regardless of whether the victim's tent was alleged to have been a structure or a dwelling, Appellant was charged and convicted of the first-degree felony of burglary with a battery. As we have explained, a defect in an information is waived if no objection is timely made so long as the information does not wholly fail to state a crime. *See State v. Burnette*, 881 So. 2d 693, 694 (Fla. 1st DCA 2004).

*Hamilton*, 106 So. 3d 996. Section 810.02(2)(a) makes it a first-degree felony to commit an assault or battery upon any person in the course of committing a burglary and does not distinguish between a dwelling, structure, or conveyance. Therefore, it made no difference whether the victim's tent was a dwelling or a structure.

Further, as the state court noted, the charging document cited to the statute, as did Petitioner's judgment. *Hamilton*, 106 So. 3d 996, citing *Burnette*, 881 So. 2d at 695 (Fla. 1st DCA 2004) ("An information may withstand an untimely challenge to a technical deficiency (1) where a

16

statutory citation for the crime is given, but all elements are not properly charged, or (2) where the wrong or no statutory citation is given, but all elements of the crime are properly charged.") Therefore, although due process prohibits an individual from being convicted of an uncharged crime, *see Cole v. Arkansas*, 333 U.S. 196, 201 (1948), Petitioner was convicted of the crime with which he was charged.

Moreover, and critically here, it is Petitioner's burden to demonstrate that the state court decision is contrary to clearly established Supreme Court case law, either because " 'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' " *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Petitioner has failed to meet his burden.

None of Petitioner's grounds for relief have merit. The Court, therefore, finds that the state court's decision was not contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court or based on an unreasonable

determination of the facts. *See* 28 U.S.C. § 2254(d). Petitioner is not entitled to federal habeas relief.

## V. Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## VI.   Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Fourth Amended Petition for Writ of Habeas Corpus, ECF No. 12, should be **DENIED**, and that a certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 6th day of February 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.